IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **COMPLETE BUSINESS SOLUTIONS GROUP, INC.,** *Plaintiff* | CIVIL ACTION |
| v. | |
| **ANNIE'S POOCH POPS LLC,** *et al.*, *Defendants* | No. 20-724 |

## MEMORANDUM

PRATTER, J.                                                                                                             JULY 16, 2020

### INTRODUCTION

Pennsylvania law permits a prothonotary of any of its courts of common pleas to enter judgment by confession, in ministerial fashion, when a plaintiff files a complaint that, among other requisites, includes a copy of an instrument that the defendant has signed authorizing such judgment. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1262 (3d Cir. 1994).

In this case, confessed judgment was entered by the state court against Defendants, dog treat company Annie's Pooch Pops LLC, and its owner, Annie Hartig (hereinafter, "Annie's Pooch Pops"). The defendants removed the case, and filed a petition to strike or open the confessed judgment in this Court. Plaintiff Complete Business Solutions Group, Inc. seeks remand, and a stay of the litigation.

Because Annie's Pooch Pops has failed to demonstrate the requisite amount-in-controversy in this case, it has lost its bark. The Court will remand the case.

### LEGAL STANDARD

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. *Boyer v. Snap–On Tools Corp.*, 913 F.2d 108, 111 (3d

1

Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991). "[R]emoval statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" *Id.* (citations omitted). Here, the contest lies in whether removing Defendants can prove the requisite amount-in-controversy sufficient to concretize their assertion of subject matter jurisdiction.[1]

In 2011, Congress enacted a new Section 1446(c)(2) to the federal removal statute, 28 U.S.C. § 1441, *et seq.*, with the intent to clarify the determination of the amount-in-controversy in removal cases. Interpreting that legislative change in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), the Supreme Court explained "If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.' § 1446(c)(2). When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. § 1446(c)(2)(A)." *Id.* at 84.

However, if the Court questions or the plaintiff contests the amount-in-controversy asserted by the removing defendant, the parties must put on evidence, and the defendant must show by a preponderance of the evidence that the amount-in-controversy is met. *Id.* at 88 ("If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted" by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold.")[2]  In making this determination, the Court generally looks to the complaint, but can look to other proofs. *Id.* at 84.

---

[1] The parties agree that the only assertion of federal subject matter jurisdiction is diversity of citizenship.

[2] The parties neither cite or address this legislative change, nor the proper burden of persuasion to be applied by the Court. Rather, Complete Business Group advocates the Court should require Annie's Pooch Pops to prove, to a legal certainty, the amount-in-controversy requirement is met. It is clear, under the

2

## DISCUSSION

### I.     The parties' respective arguments.

The dispute hinges on the defendant's assertion concerning attorneys' fees. As an initial note, attorneys' fees may be considered as part of the amount-in-controversy if available to plaintiffs under their cause of action, and the parties agree that Complete Business Group may seek attorneys' fees under Pennsylvania law. *See* Pa. R. Civ. P. 2957(a) ("Plaintiff may include the amount due, interest, attorneys' fees and costs in the praecipe for writ of execution under Rule 2963(5).").

The parties' dispute centers on whether the value of the attorneys' fees is speculative or not. Annie's Pooch Pops specifically contends that the amount-in-controversy is met because Complete Business Group has left the question of fees open in its complaint, and because they believe, in good faith, that the litigation will develop in such a way that fees will inevitably reach the threshold requirement. Complete Business Group emphatically asserts that it has specifically averred the amount-in-controversy in the amount of $41,371.78. Because its fees are static, any additional right to fees is based on future events not yet knowable at the time of the filing of the complaint or removal.[3]

---

present circumstances, the legal certainty test no longer applies. As the House Judiciary Committee Report on the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA) observed: "'[D]efendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply [initially] allege or assert that the jurisdictional threshold has been met. Discovery may be taken with regard to that question. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.' H. R. Rep. No. 112–10, p. 16 (2011)." *Dart*, 74 U.S. at 88–89. To the extent that prior Third Circuit law is inconsistent with *Dart* and the amended statute when the amount-in-controversy is challenged after removal, this Court will of course follow the applicable law. *See Karlberg v. Santander Bank, N.A.*, No. 17-3561, 2017 WL 4810800, at *3 (E.D. Pa. Oct. 25, 2017) (stating same).

[3]     Defendants initially based their opposition to remand on the basis that their purported counterclaims help reach the jurisdictional requirements. However, they have since abandoned that argument.

## II. Annie's Pooch Pops have not met their burden.

Annie's Pooch Pops have not met their burden in showing the amount-in-controversy meets the federal requirement. While Complete Business Group reserves the right to pursue attorneys' fees should Defendants challenge the confessed judgment, *see* Compl. in Confession of Judgment, ¶15, ultimately, the Court is left to guess, one way or another, as to whether the amount-in-controversy will reach the required minimum. Indeed, the Court has no basis, nor has Annie's Pooch Pops provided one,[4] for the expectation that the amount-in-controversy will have almost doubled from Complete Business Group's current monetary demand of about $41,000, or in other words, the attorneys' fees will be valued at almost the same value of that present demand. Because the Court must rely on such guesswork, Annie's Pooch Pops cannot establish federal subject matter jurisdiction. *See Dorley v. Save-A-Lot*, No. 16-4510, 2016 WL 6213074, at *4 (E.D. Pa. Oct. 25, 2016) (remanding case and finding that defendants could not prove by a preponderance of the evidence the requisite amount-in-controversy where the determination relied on guesswork).

## CONCLUSION

For these reasons, the Court will remand the case.[5] The motion to stay is deemed moot. Lastly, Complete Business Group seeks fees in seeking remand before this Court. However, the request will be denied. Upon consideration of the briefing and oral advocacy proffered to the Court on these issues, the Court finds an insufficient basis on which to reach the necessary

---

[4] Defendants argue that the scorched-earth litigation practices of Fox Rothschild, Plaintiff's counsel, in similar cases where defense counsel is also counsel for the opposing parties, dictates that fees will be exorbitant in *this* case. Annie's Pooch Pops also contends that this case will be of such complexity and scope that the fees will surpass the federal threshold easily. Yet, these arguments are too speculative for the Court to determine now, that in fact, such proposed realities will come to pass.

[5] While Plaintiff also bases its remand motion on the *Rooker-Feldman* doctrine, the Court need not address this argument because it otherwise finds subject matter jurisdiction lacking.

conclusions that Annie's Pooch Pops removed the litigation in bad faith. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE